**UNIMED, INC., Petitioner,**

v.

**Elliott RICHARDSON, Secretary of Health, Education and Welfare, et al., Respondent.**

**No. 24877.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 18, 1972.

Decided Feb. 7, 1972.

---

Mr. Donald J. Cronin, with whom Mr. Joseph A. Fanelli, Washington, D. C., was on the brief, for petitioner.

Mr. Eugene M. Pfeifer, Atty., U. S. Department of Health, Education and Welfare, of the bar of the United States District Court for the District of Columbia, pro hac vice, by special leave of court, with whom Messrs. William W. Goodrich, Asst. General Counsel, Food, Drugs, and Environmental Health Division, Health, Education and Welfare, and Howard S. Epstein, Atty. Department of Justice, were on the brief, for respondent.

Before BAZELON, Chief Judge, and McGOWAN and TAMM, Circuit Judges.

PER CURIAM:

Congress has provided that new drugs may not be introduced into interstate commerce without the prior approval of the Secretary of Health, Education and Welfare (for whom the Commissioner of Food and Drugs has been authorized to act); and such approval, once given, may thereafter be withdrawn after notice and opportunity for hearing. 21 U. S.C. §§ 355(a) and (e) (1970). Direct review of any such order may be had in this court, under a statutory admonition that "[t]he finding of the [Commissioner] as to the facts, if supported by substantial evidence, shall be conclusive." 21 U.S.C. § 355(h) (1970).

This is such a review proceeding. Petitioner is the manufacturer of a drug called Serc, which is sold in interstate commerce on the representation that it is useful in reducing the incidence of attacks of vertigo in the case of persons who suffer from Meniere's disease and who have a high frequency of vertiginous episodes. The statute gives as two of the reasons justifying withdrawal of a prior approval "a lack of substantial evidence that the drug will have the effect it purports or is represented to have under the conditions of use prescribed, recommended, or suggested in the labeling thereof;" and that "the application contains any untrue statement of a material fact." In this instance, the Commissioner found both such reasons to exist, although either, if supported by the requisite degree of evidence, would suffice.

Neither in the administrative proceedings nor in this court has there been any suggestion that the use of Serc is dangerous to health.[1] The principal issue

1. It appears that, prior to 1962 when Congress amended the governing statute, an approval of a drug once given could be withdrawn only if the Commissioner found the drug to be unsafe. The regulatory authorities found this situation to be unsatisfactory, and sought from the Congress enlarged conditions under which approval could be withdrawn. See 1961 U.S.Code Cong. & Admin. News, p. 2892.

in controversy is whether the Commissioner has adequate record support for his finding that there is a lack of substantial evidence for the claims made for the efficacy of Serv. This controversy has its roots in the statutory definition of "substantial evidence" for this purpose as meaning

> evidence consisting of adequate and well controlled investigations, including clinical investigations, by experts qualified by scientific training and experience to evaluate the effectiveness of the drug involved, on the basis of which it could fairly and responsibly be concluded by such experts that the drug will have the effect it purports or is represented to have under the conditions of use prescribed, recommended, or suggested in the labeling . . . thereof. 21 U.S.C. § 355(d).

Petitioner complains of the Commissioner's rejection of five studies submitted by petitioner as not being "adequate and well controlled" within the contemplation of the foregoing definition. The argument between the respective witnesses for petitioner and those presented by the Commissioner appears to center upon the question of whether vertiginous episodes have sufficient predictability to render significant historical studies which compare the frequency of attacks during the periods when Serc has been used and when it has not. If there is substantial evidence to support the Commissioner's finding that these studies are not helpful, then petitioner must fail, since its claims for Serc admittedly rest upon this foundation.

██ We have examined the record of the administrative hearing on this point with care, particularly with a view to grasping as best we can the nature of the divergences between the differing expert witnesses. Although the matter seems to us one not entirely free from doubt, we remind ourselves that our role in the Congressional scheme is not to give an independent judgment of our own, but rather to determine whether the expert agency entrusted with regulatory responsibility has taken an irrational or arbitrary view of the evidence assembled before it. Illinois Central RR Co. v. Norfolk & W. Ry. Co., 385 U.S. 57, 87 S.Ct. 255, 17 L.Ed.2d 162 (1966). We are unable to say that it has; and, accordingly, the petition for review is denied.

It is so ordered.

At that time 21 U.S.C. § 355(e) was cast in its present form which, in relevant part, is as follows:

> The Secretary *shall* . . . withdraw approval of an application . . . if [he] finds . . . (3) on the basis of new information before him with respect to such drug, evaluated together with the evidence available to him when the application was approved, that there is a lack of substantial evidence that the drug will have the effect it purports or is represented to have . . .; or (4) that the application contains any untrue *statement of a material fact* . . . (Emphasis supplied).